UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 02-388-3 (ESH) |
| JUAN CARLOS SIERRA-RAMIREZ, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Before the Court is defendant Juan Sierra Ramirez's motion seeking early termination of his term of supervised release. (Mot. for Early Termination of Supervised Release, Aug. 12, 2016 [ECF No. 239].) As of the date defendant filed his motion, he had served approximately 41 months of a five-year term of supervised release. Defendant points to his "full compliance" with the terms of supervised release, his compliance with the Department of Homeland Security due to his immigration status, his having served more than half of the five-year term of supervised release, and his commitment to his "new life" as the reasons why the Court should grant his motion. (*See* Mot., at 1-2; Supplement to Mot. for Early Termination of Supervised Release at 1-2, Aug. 17, 2016 [ECF No. 240].)

Defendant is being supervised in Florida, and the Probation Office in charge of his supervision has confirmed that he is in compliance with his conditions of supervised release and that they do not object to early termination. The United States, though, does object on a number of grounds, which are set forth in a sealed response. (*See* Gov't's Resp. to Def.'s Mot. for Early Termination of Supervised Release, Aug. 18, 2016 [ECF No. 241] (SEALED).)

"[A]fter considering the factors set forth in [Title 18] section 3553(a)(1), (a)(2)(B),

(a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e); *see United States v. Mathis-Gardner*, 783 F.3d 1286, 1288 (D.C. Cir. 2015) (court "must consider the specified § 3553(a) factors before denying a motion for early termination of supervised release"). The § 3553(a) factors that the court must consider are:

> (a)(1) the nature and circumstances of the offense and the history and
>       characteristics of the defendant;
>   (2) the need for the sentence imposed—
>       . . .
>       (B) to afford adequate deterrence to criminal conduct;
>       (C) to protect the public from further crimes of the defendant; and
>       (D) to provide the defendant with needed educational or vocational
>       training, medical care, or other correctional treatment in the most effective
>       manner;
> . . .
>   (4) the kinds of sentence and the sentencing range established for--
>       (A) the applicable category of offense committed by the applicable
>       category of defendant as set forth in the guidelines—
>       . . .
>   (5) any pertinent policy statement—
> . . .
>   (6) the need to avoid unwarranted sentence disparities among defendants with
>       similar records who have been found guilty of similar conduct; and
>   (7) the need to provide restitution to any victims of the offense.

18 U.S.C.A. § 3553.

      Having considered defendant's motion, the government's response, the applicable § 3553(a) factors, and the entire record herein, the Court concludes that early termination of defendant's supervised release is not warranted. First, although a court has broad discretion to grant early termination, the Court does not agree with defendant that "full compliance" with the terms of supervised release is itself "exceptional." As another district judge on this court has explained:

> even perfect compliance with conditions of release does not qualify as "exceptionally good behavior" warranting early termination. These courts have noted that "[m]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. McKay*, 352 F.Supp.2d 359, 361 (E.D.N.Y.2005). In *United States v. Medina*, the court found that though defendant's "post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule." 17 F.Supp.2d 245, 247 (S.D.N.Y.1998). Therefore, a defendant must show something "of an unusual or extraordinary nature" in addition to full compliance. *United States v. Caruso*, 241 F.Supp.2d 466, 469 (D.N.J.2003).

*United States v. Longerbeam*, No. 08-cr-0017, *slip op.*, 2016 WL 4046896, at *2 (D.D.C. July 27, 2016) (quoting *United States v. Etheridge*, 999 F. Supp.2d 192 (D.D.C. 2013)).  In addition, there are no "changed circumstances" that render the existing term of supervised release inappropriate.  *Mathis–Gardner*, 783 F.3d at 1289–90 ("[o]ccasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)" (quoting *United States v. Lussier*, 104 F.3d 32, 32 (2d Cir. 1997))).  To the contrary, given the underlying circumstances of this case, which are set forth in the United States' response, continued supervision is desirable.

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that defendant's motion for early termination of supervised release [ECF No. 239] is **DENIED**.

/s/    *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

DATE: September 12, 2016